UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTORIA ROSA,

                              Plaintiff,

v.

UNITED STATES OF AMERICA, MONTEFIORE
MEDICAL GROUP COMPREHENSIVE FAMILY
CARE CENTER, INC., BRONX COMMUNITY
HEALTH NETWORK, ELIZABETH E. HARRIS,
M.D., GARY L. GOLDBERG, M.D., and
MONTEFIORE MEDICAL CENTER,

                              Defendants.

Civil Action No.: 16-2281

Plaintiffs Demand A Trial By Jury

**COMPLAINT**

---

Plaintiff, by her attorneys, RANDAZZO & GIFFORDS, P.C., complaining of the defendants, alleges as follows upon information and belief:

### JURISDICTION

1.    This action is brought to recover for injuries sustained by the plaintiff as a result of the defendants' medical malpractice under the Federal Tort Claims Act, Title 28 of the United States Code, 28 U.S.C. §1346 (b), § 1402 (b), §2401 (b), and §2671-2680.

2.    Jurisdiction as to the causes of action arising under the Federal Tort Act 28 U.S.C. §1346 (b) is conferred upon this Court by and under the principles and by the passage of more than six months since plaintiff's claim was filed with the Department of Health & Human Services (hereinafter referred to as "HRSA) without the agency acting on the claim.

### VENUE

3.    The parties to this action reside in and/or regularly do business within the jurisdiction of this Court.

4. All of the events at issue in this action took place within the jurisdiction of this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. §1402 (b).

## THE PARTIES

6. The United States of America (hereinafter referred to as "USA").

7. Plaintiff is a resident of the County of Bronx, City and State of New York,

8. The defendant MONTEFIORE MEDICAL GROUP COMPREHENSIVE FAMILY CARE CENTER, INC., (hereinafter referred to as "CFCC"), was and is a medical corporation and/or facility and/or entity.

9. The defendant, ELIZABETH E. HARRIS, M.D., (hereinafter referred to as "HARRIS"), was and is a physician duly licensed to practice medicine in the State of New York.

10. The defendant, GARY L. GOLDBERG, M.D., (hereinafter referred to as "GOLDBERG"), was and is a physician duly licensed to practice medicine in the State of New York.

11. The defendant, MONTEFIORE MEDICAL CENTER (hereinafter referred to as "MONTEFIORE HOSPITAL") was and is a hospital corporation.

12. The defendant, BRONX COMMUNITY HEALTH NETWORK (hereinafter referred to as "BCHN") was and is an organization and Federally Funded Health Center.

## PROCEDURAL BACKGROUND

13. On or about April 27, 2015, plaintiff filed timely claims for damages and personal injuries with the Department of Health Resources and Services Administration (HRSA), alleging that she had been subjected to medical malpractice. (Copy of the claim is annexed as

EXHIBIT "A").

14. The HRSA failed to act upon plaintiffs' claims within six months of filing.

## AS AND FOR A FIRST CAUSE OF ACTION

15. The defendant CFCC" was and is a medical corporation and/or facility and/or entity and operated and maintained health care facilities at various locations, including, but not limited to 1621 Eastchester Road, Bronx, New York, and was a federally qualified health center.

16. The defendant, HARRIS" was and is a physician duly licensed to practice medicine in the State of New York and a servant, agent and/or employee of CFCC.

17. The defendant, HARRIS" was and is a physician duly licensed to practice medicine in the State of New York and a servant, agent and/or employee of BCHN.

18. The defendant, HARRIS" was and is a physician duly licensed to practice medicine in the State of New York and a servant, agent and/or employee of MONTEFIORE HOSPITAL.

19. That at all times hereinafter mentioned, the defendant HARRIS was an attending physician, and/or an independent contractor associated with and/or doing business at defendants.

20. The defendant, GOLDBERG was and is a physician duly licensed to practice medicine in the State of New York and a servant, agent and/or employee of CFCC.

21. The defendant, GOLDBERG was and is a physician duly licensed to practice medicine in the State of New York and a servant, agent and/or employee of BCHN.

22. The defendant, GOLDBERG was and is a physician duly licensed to practice

medicine in the State of New York and a servant, agent and/or employee of MONTEFIORE HOSPITAL.

23. That at all times hereinafter mentioned, the defendant GOLDBERG was an attending physician, and/or an independent contractor associated with and/or doing business at defendant CFCC.

24. That at all times hereinafter mentioned, the defendant GOLDBERG was an attending physician, and/or an independent contractor associated with and/or doing business at defendant MONTEFIORE HOSPITAL

25. The defendant MONTEFIORE HOSPITAL was and is a hospital corporation and part of the BCHN, and owned and operated CFCC, providing a wide range of services for members of the community, including the plaintiff herein.

26. Defendant, USA, owned, operated, managed, controlled and/or funded CFCC.

27. Defendant, USA, owned, operated, managed, controlled and/or funded BCHN.

28. Defendant, USA, employed medical providers to supply health care services to members of the public, including the Plaintiff herein.

29. Defendant USA, while acting in its capacity as aforesaid and as hereinafter set forth, did act negligently and wrongfully under such circumstances that if it were a private person, it would be liable to the Plaintiff under the laws of the State of New York.

30. That at all times hereinafter mentioned, the Defendants were engaged in supplying and furnishing medical care and services to members of the community.

31. That at all times hereinafter mentioned, the Defendant, CFCC, in order to function as a health-care provider, undertook to obtain, recruit, employ, and contract with physicians and other medical personnel.

32. That at all times hereinafter mentioned, the Defendant, MONTEFIORE HOSPITAL, in order to function as a health-care provider, undertook to obtain, recruit, employ, and contract with physicians and other medical personnel.

33. That at all times hereinafter mentioned, the Defendants represented, agreed, and undertook to faithfully, skillfully, diligently, carefully, and in accordance with approved and accepted hospital and medical standards and practices, procedures, and techniques, to furnish and supply proper, necessary, and indicated medical services, evaluations, treatment, and care to the plaintiff concerning, among other things, her abdominal complaints and other physical problems and conditions.

34. That on or about January 30, 2014 through February 6, 2014, prior thereto and thereafter, the plaintiff, was a patient of the aforementioned Defendants.

35. That on or about January 30, 2014, defendant, HARRIS M.D., performed a pre-operative medical assessment of the plaintiff in connection with a planned hysterectomy.

36. That on or about February 6, 2014, prior thereto and/or thereafter, defendant, GOLDBERG, M.D. performed a hysterectomy on the plaintiff.

37. That on or about February 6, 2014, prior and thereafter, while the plaintiff was under the care of the defendants, by their agents, servants, and/or employees, Plaintiff, VICTORIA ROSA underwent a hysterectomy and as a result of the negligence and/or medical malpractice of the

defendants, she was caused to sustain a stroke and Plaintiff suffered and sustained serious personal injuries and/or additional injuries, all to Plaintiff's damage.

38. That the aforementioned occurrence was due to the negligence and medical malpractice of the defendants by their servants, agents, and/or employees with regard to the hospital, health facility care and medical care and procedures provided to the Plaintiff in that they failed to properly and timely diagnose and treat the conditions from which the Plaintiff was suffering; failed to exercise due and reasonable care under the circumstances, failed to perform adequate, proper and sufficient pre operative tests; failed to properly interpret the results and significance of the tests performed; failed to take a proper medical history; failed to appreciate the significance of the patient's medical history; improperly cleared plaintiff for surgery; failed to properly perform a hysterectomy; failed to properly monitor the plaintiff intra operatively; failed to perform adequate, proper and sufficient tests; improperly interpreted the results of said tests; improperly cleared plaintiff for surgery; failed to follow good, known and accepted customs and practices of the medical profession; failed to keep proper records; failed to give the Plaintiff proper instructions concerning her care and future treatment; failed to obtain necessary and timely consultations to facilitate the treatment of the Plaintiff; failed to obtain an informed consent; failed to provide prompt treatment; failed to use due care in the procedures performed, examination, treatment, and diagnosis of the Plaintiff's physical conditions and complaints; failed to supervise their staff; in negligently hiring and retaining in their employ persons who were unfit to provide proper medical care and services; failed to use skill and judgment as is ordinarily possessed by physicians; failed to properly remedy, rectify and alleviate the physical conditions and problems of the Plaintiff which the defendants undertook to treat and correct; failed to perform all necessary tests to rule out and/or

diagnose and treat Plaintiff's carotid artery disease; in failing to properly medicate the Plaintiff; in maintaining medical staff that was improperly and inadequately trained and that lacked experience, qualifications, education and/or physical ability; in failing to properly supervise its staff; in failing to perform proper procedures provided; improperly, carelessly, and negligently failing to take proper medical steps and implement procedures which could have prevented this occurrence and the subsequent injuries to the Plaintiff including a stroke; in treating the Plaintiff in a manner contrary to hospital and medically accepted rules and standards of the community wherein the care, diagnosis and treatment were rendered to the Plaintiff; in departing from the approved methods and general practices; in failing to promulgate proper and necessary rules and regulations to prevent this and similar occurrences; failing to exercise the required degree of care, skill and diligence; failed to properly observe the condition of the Plaintiff; and generally being otherwise careless, negligent and reckless and further, Plaintiff reserves the right to reply on the doctrine of *res ipsa loquitur*.

39. That the injuries and damages sustained by the Plaintiff as hereinafter alleged were caused solely by the carelessness, recklessness, negligence and medical malpractice of the defendants, their agents, servants and/or employees without any culpable conduct on the part of the Plaintiff contributing thereto.

40. That by reason of the foregoing, the Plaintiff was rendered sick, sore, lame and disabled, and suffered serious, grievous and permanent physical injuries and additional and constant physical pain and suffering, all to Plaintiff's damage.

41. That by reason of the foregoing the Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of this action.

42. That this action falls within one or more of the exceptions as contained in Article 16

of the CPLR.

43. That by reason of the foregoing, the Plaintiff was damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

44. The plaintiff repeats, reiterates, and re-alleges each and every allegation as set forth in Paragraphs "1" through "43" of the Complaint with the same force and effect as though the same were set forth more fully herein.

45. That the defendants, by their agents, servants, and/or employees, failed to disclose to the plaintiff, the reasonably foreseeable risks and alternatives of treatment involved in the procedures, care, and treatment which a reasonable practitioner under the same or similar circumstances would have disclosed.

46. That had the plaintiff prior to the care and treatment rendered to her by the defendants, and/or a reasonably prudent person in the plaintiff's position, known the risks and alternatives to the treatment rendered by the defendants, and/or their agents, servants, and/or employees, or had been properly informed of the same, she would not have undergone the treatment and procedures which were rendered to said plaintiff and/or would have opted for earlier or other treatment.

47. That the injuries as heretofore complained of were proximately caused by the defendant's failure to obtain plaintiff's informed consent to the treatment as hereinbefore alleged.

48. That by reason of the foregoing injuries, the plaintiff has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

## JURY DEMAND

49.     Plaintiff demands a trial by jury on all counts.

**WHEREFORE**, plaintiff demands a money judgment against the defendants on the First and Second Causes of Action in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, together with the costs and disbursements for said Actions.

Dated: Lake Success, New York
       March 29, 2016

                                  **RANDAZZO & GIFFORDS, P.C.**
                                  Attorneys for Plaintiffs

                                  By: _____
                                       A MEMBER OF THE FIRM
                                  Norma Giffords (NG-8390)
                                  Office & P.O. Address
                                  3000 Marcus Ave., Suite 1E11
                                  Lake Success, NY 11042
                                  (516) 355-0780

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

VICTORIA ROSA,

                                Plaintiff,

                                                          Civil Action No. **16-2281**

                   v.

UNITED STATES OF AMERICA, MONTEFIORE
MEDICAL GROUP COMPREHENSIVE FAMILY
CARE CENTER, INC., BRONX COMMUNITY
HEALTH NETWORK, ELIZABETH E. HARRIS,
M.D., GARY L. GOLDBERG, M.D., and
MONTEFIORE MEDICAL CENTER,

                                Defendants.
_____

### CERTIFICATE OF MERIT, MEDICAL MALPRACTICE ACTION

The undersigned, attorney(s) for the Plaintiff, declares that:

I have reviewed the facts of the case and have consulted with at least one physician who is licensed to practice in this State or any other State and whom I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: Lake Success, New York
        March 29, 2016

                                                    **RANDAZZO & GIFFORDS, P.C.**
                                                    Attorneys for Plaintiffs

                                                    By: _____
                                                       A MEMBER OF THE FIRM
                                                    Norma Giffords (NG-8390)
                                                    Office & P.O. Address
                                                    3000 Marcus Ave., Suite 1E11
                                                    Lake Success, NY 11042
                                                    (516) 355-0780